IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL J. BROST,

                Plaintiff,                OPINION AND ORDER

v.

                                            19-cv-535-wmc

CAPSTAN CORPORATION and
ACE INSURANCE,

                Defendants.

On February 21, 2019, plaintiff Michael Brost was involved in a crane accident which rendered him totally disabled. He now brings these negligence claims against defendants Capstan Corporation ("Capstan") and ACE Fire Underwriters Insurance Co. ("ACE Insurance"). Presently before the court is defendant Capstan's motion to dismiss. (Dkt. #8.)

BACKGROUND

Before reviewing plaintiff's factual allegations, the court must clarify certain issues related to the pleadings. Plaintiff filed his original complaint with this court on June 28, 2019, naming only Capstan as a defendant. (Dkt. #1.) Capstan subsequently moved to dismiss the case. (Dkt. #8.) After that motion was fully briefed, plaintiff filed a motion for leave to file an amended complaint, seeking to add defendant ACE Insurance. (Dkt. #17.) That same day, plaintiff and Capstan also filed a stipulation in which Capstan consented in writing to the amended complaint. (Dkt. #18.) Plaintiff's amended complaint (dkt. #17-1) is, therefore, now the operative complaint. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading . . . with the opposing party's written

consent.").

Subsequently, both Capstan and ACE Insurance filed a joint answer to plaintiff's amended complaint.  (Dkt. #19.)  When a plaintiff amends his or her complaint, the defendant generally has the option to withdraw his or her response and assert a new response.  Here, Capstan's response to plaintiff's amended complaint *could* be understood as a withdrawal of its earlier motion to dismiss in favor of an answer alone.  However, this would seem to be an overly formalistic reading of the proceedings, as the amended complaint is substantively identical to the original complaint, and Capstan has not otherwise indicated an intention to withdraw its earlier motion.  Accordingly, the court will consider Capstan's earlier motion (dkt. #8) as being directed at the amended pleading. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance.").

As for the operative facts, plaintiff Brost alleges that, on February 21, 2019, he was working with a crane owned and operated by Viant Crane, LLC ("Viant").  As Brost was working, the crane allegedly cut through the slings carrying a load that was being lifted, which then struck and injured Brost, rending him totally disabled and resulting in lost wages and medical expenses.  Brost claims that the load being lifted by the crane "was not safely rigged, lacked a tagline, lacked a groundman, and utilized slings inadequately padded to avoid being cut by the load being lifted." (First Amended Complaint ("FAC") (dkt. #17-1) ¶ 3.)

According to plaintiff, defendant Capstan had "assumed responsibility and supervision of all safety concerns and needs for Viant," and Capstan had "employed a safety director whose principal duties included creating and implementing a safety system for Viant." (*Id.* ¶ 2.) Plaintiff further alleges that Capstan "negligently failed to properly assure the safe operation" of the crane on February 21, 2019, and that he was injured as a "direct and proximate result" of Capstan's negligence. (*Id.* ¶ 5.) As to defendant ACE Insurance, plaintiff alleges that it "had in force and effect a liability insurance policy insuring Defendant Capstan Corporation against liability for bodily injury resulting from negligence." (*Id.* ¶ 6.)

OPINION

As an initial matter, the court will address the issues raised by the fact that both parties submitted evidence outside of the pleadings. In addition to its brief in support of its motion to dismiss for failure to state a claim, Capstan attached an affidavit from its CEO,[1] which claims to show that plaintiff cannot prove Capstan's liability. (*See* Capstan Br., Ex. B (dkt. #8-2).) Because of this attached affidavit, plaintiff urges the court to convert Capstan's motion to dismiss into one for summary judgment. (Pl.'s Opp'n (dkt. #10) 1.) Plaintiff has submitted two affidavits of his own to support his various factual contentions, and he argues that material disputes of fact preclude a decision in Capstan's favor. (*Id.* at 2-3.)

---

[1] While Capstan claims in its brief that the rental agreement between Capstan and Viant was attached, it failed to attach the exhibit, and so this agreement is not before the court. (*See* Capstan Br. (dkt. #8) ¶ 9.)

3

Because a motion to dismiss for failure to state a claim tests only the sufficiency of the complaint, a court generally will not decide such a motion based on materials outside of the pleadings. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). However, if such materials are presented alongside a 12(b)(6) motion, the court *may* in its discretion choose to consider the extraneous materials and convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). Here, given that only three affidavits and a handful of other documents were submitted as evidence, the court would likely benefit from a more developed record before attempting to take up the merits. Accordingly, the court will exclude any evidence submitted by both parties outside the pleadings themselves, and proceed to consider this motion under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). In assessing the complaint, the court must "accept all well-pleaded allegations as true and draw all reasonable inferences from them." *New Burnham Prairie Homes, Inc. v. Vill. of Burnham*, 910 F.2d 1474, 1477 (7th Cir. 1990) (citing *Illinois Health Care Assoc. v. Illinois Dep't of Public Health*, 879 F.2d 286, 288 (7th Cir. 1989)). Moreover, the burden is on the movant to prove that the complaint is legally insufficient. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990)

According to Capstan, plaintiff's complaint attempts to hold it liable for the negligence acts of Viant, its subsidiary. (Capstan Br. (dkt. #4) ¶ 10.) To hold a parent corporation liable for the acts of its subsidiary, Capstan argues that a plaintiff must allege facts to demonstrate a basis to pierce the corporate veil. (*Id.* ¶¶ 11-12.) Because plaintiff

4

here has not done so, Capstan argues, his claims must be dismissed. (*Id.* ¶ 14.)

However, taken as true, plaintiff's allegations do not rely on Capstan's parent/subsidiary relationship with Viant. Specifically, plaintiff alleges that:

- Capstan "assumed responsibility and supervision of all safety concerns and needs for Viant," yet "failed to properly assure the safe operation of the Viant Crane." (FAC (dkt. #17-1) ¶¶ 3-4.)

- Capstan "employed a safety director whose principal duties included created and implementing a safety system for Viant." (*Id.* ¶ 2.)

- The crane that injured Brost was "subject to the safety supervision of Defendant Capstan Corporation through its safety director." (*Id.* ¶ 5.)

These claims state both a respondeat superior theory of liability -- that Capstan is responsible for the negligent conduct of its employee, the safety director -- and a direct theory of liability -- that Capstan breached its own duty of care by failing to properly assure the safe operation of the crane. *See Kerl v. Dennis Rasmussen, Inc.*, 2004 WI 86, ¶ 21, 273 Wis. 2d 106, 682 N.W.2d 328 (discussing direct and respondeat superior theories of liability). Significantly, these claims do *not* allege Viant's negligence at all, nor that Capstan should be held liable for Viant's negligent acts.

Capstan counters that: (1) it did not hold any supervisory responsibility over safety-related matters at Viant; and (2) it had no control over the policies and procedures governing the use of the crane. (Capstan Br. (dkt. #8) ¶¶ 7-8.) However, both of these arguments challenge the factual basis of plaintiff's pleadings. As discussed above, plaintiff's allegations are taken as true for purposes of a motion to dismiss, and, accordingly, Capstan's arguments that it did not *in fact* owe a direct duty of care to Brost are improper at this stage.

In sum, Capstan has failed to meet its burden to prove that the complaint is legally insufficient, and its motion to dismiss must be denied. Nevertheless, Capstan is free to bring an early motion for summary judgment based on a (hopefully) better developed factual record.

ORDER

IT IS ORDERED that:

1) Having received written consent from opposing party defendant Capstan Corporation, plaintiff Michael Brost's first amended complaint (dkt. #17-1) is recognized as the operative complaint.

2) Defendant Capstan Corporation's motion to dismiss (dkt. #8) is DENIED.

Entered this 20th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge